IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-00224-MSK-CBS

JAMES McGRATH,

    Plaintiff,

v.

CENTRAL MASONRY CORP.,

    Defendant.
_____

## ORDER VACATING TRIAL DATE
_____

**THIS MATTER** comes before the Court *sua sponte*.

Due to extensive calendar disruptions occasioned by a series of multi-defendant criminal trials, the Court is considering a radical change to its trial-setting practices. To determine whether such a change will have beneficial effects that outweigh any disruption it may cause, the Court will conduct a pilot project to test the new process. Cases to be included in the pilot project are all cases with trials set in 2007, but for which no Final Pretrial Conference has yet been held. This is such a case.

Currently, at the time of the initial Scheduling Conference, this Court sets a Final Pretrial Conference and trial date in every civil case. The result of this practice is that the first available trial date for the parties is often 18 months or more from the date of the Scheduling Conference, and is often junior to another trial. The primary advantage to this system is that the parties receive a fixed trial date, and have a lengthy period to prepare for trial. However, in addition to the delayed setting, the disadvantage is the risk that a senior-set civil trial or criminal trial will

require the trial to be rescheduled.

Over the past year, the Court has been forced to reset a large number of civil trials due to lengthy criminal trials. Upon consulting the practices of other judges, the Court believes that setting firm trial dates – which allows counsel to make definitive scheduling arrangements for witnesses, travel, and other incidents of trial – is a practice which merits exploration. The Court anticipates changing its trial-setting practice as follows. At the time of the Scheduling Conference, the parties will be given a dispositive motion deadline and a date for a Final Pretrial Conference, but no trial setting. The Court will make every effort to resolve all dispositive motions sufficiently in advance of the Final Pretrial Conference such that, by the time of the Conference, the parties are able to fully assess the nature and extent of the issues requiring trial. At the Conference, the Court will inquire of the parties how much time is necessary for trial. Then, the Court will set the case for trial.

It is the Court's goal to set trials to begin 30 to 60 days after the Conference. That said, the Court anticipates that the trial will begin no later than six months following the Final Pretrial Conference. This trial date will be a firm setting – barring extraordinary circumstances, the case is guaranteed to proceed to trial on the scheduled date. Although the Court will exercise some flexibility in accommodating other matters on the calendars of counsel, parties, and witnesses, it expects that all involved will give trial of the case top priority and will be prepared to adjust their other obligations to meet the time frames described above.

For cases subject to the pilot program, the scheduled trial dates will be vacated and the Court will set a new trial date at the time of the Conference. Please be prepared at the Conference to set a firm trial date; this will require you to be familiar with your own calendars, as well as the calendars of your clients and critical witnesses, for a period of up to six months.

More importantly, please feel free to share your thoughts on this new practice with me at the conclusion of your case. If you do not feel comfortable doing so directly, I will be circulating a summary of the new procedure, as well as an anonymous survey soliciting opinions as to the change in procedure, to the entire membership of the Faculty of Federal Advocates in the next few months. Your candid evaluation of your experience with the new system will be helpful in determining whether a change to the trial-setting process should occur, and whether the process used during the pilot program should be modified in any respects.

Accordingly, the trial date of November 6, 2007 currently set in this case is **VACATED**, although the Final Pretrial Conference shall remain as set. At the time of that Conference, the Court will set a firm trial date as discussed above.

Dated this 9th day of May, 2007

        **BY THE COURT:**

        */s/ Marcia S. Krieger*
        _____

        Marcia S. Krieger
        United States District Judge