IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 06-cv-00224-CMA-CBS

JAMES MCGRATH,

    Plaintiff,

v.

CENTRAL MASONRY CORP.,

    Defendant.

## ORDER REGARDING DEFENDANT'S MOTION *IN LIMINE*

    This matter is before the Court on Defendant's Motion *in Limine* (Doc. # 70). For the following reasons, the Motion is DENIED WITHOUT PREJUDICE.

    Defendant seeks to preclude Plaintiff from introducing three categories of evidence: (1) testimony relating to Plaintiff's dismissed state law claim; (2) testimony concerning an expletive-laden conversation between Plaintiff and his supervisor, Neal House, regarding Plaintiff's overtime billing practices; and (3) testimony from Defendant's former employees regarding the reasons why those employees left Defendant's employment.

    Regarding the first category, Plaintiff represents that he does not intend to introduce evidence relating to the dismissed state law claim, unless it becomes necessary to do so on rebuttal. Thus, to the extent that this issue has not been mooted

by Plaintiff's representations, the Court will DENY the Motion without prejudice and allow Defendant to re-raise the issue if necessary at trial.

Regarding the second category of evidence, testimony regarding the explicit conversation between Plaintiff and Mr. House, Plaintiff responds that he does intend to introduce evidence of the conversation and that such evidence is relevant and admissible.  The Court agrees with Plaintiff.  In contrast to Defendant's argument, the conversation appears to relate directly to Plaintiff's overtime work and timekeeping practices.  Also, since Mr. House was (and still is) Defendant's President, the facts surrounding the conversation go directly to Defendant's knowledge of Plaintiff's overtime situation – an element of the FLSA claim.  Further, the conversation may help explain why Plaintiff did not report all of his overtime hours to Defendant.  On the balance of these factors, the Court finds the conversation relevant and although prejudicial to Defendant, it is not unduly prejudicial so as to warrant exclusion in these circumstances.  Thus, the Court will DENY this aspect of the Motion.

Regarding the third category of evidence, Plaintiff again represents that he does not intend to introduce evidence relating to the reasons why Defendant's former employees left Defendant's employment.  Plaintiff states that he will raise evidence on this issue only if necessary for rebuttal or rehabilitation of his witnesses.  Thus, to the extent that this issue has not been mooted by Plaintiff's representations, the Court will DENY the Motion without prejudice and allow Defendant to re-raise the issue if necessary at trial.

Accordingly, Defendant's Motion is Limine (Doc. # 70) is DENIED WITHOUT PREJUDICE; and it is

FURTHER ORDERED that Defendant shall be allowed to renew the motion with respect to the first and third categories of evidence should these issues arise during trial and Plaintiff shall be allowed to introduce evidence relating to the conversation between him and Mr. House in accordance with the Federal Rules of Evidence.

DATED: March 27, 2009

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge