**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 06-cv-00224-CMA-CBS

JAMES MCGRATH,

      Plaintiff,

v.

CENTRAL MASONRY CORP.,

      Defendant.

---

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR
ATTORNEYS' FEES AND MOTION TO SUPPLEMENT, AND DENYING
DEFENDANT'S MOTIONS TO STRIKE**

---

      This matter is before the Court on Plaintiff's Motion for Award of Attorneys' Fees and Request for Leave to Supplement (Doc. # 97), Defendant's Motion to Strike Plaintiff's Reply Brief in Support of Motion for Attorney's Fees (Doc. # 105), Defendant's Motion to Strike the Affidavits Filed with Plaintiff's Reply Brief in Support of Motion for Attorney's Fees (Doc. # 118), and Plaintiff's Motion to Supplement His Fee Request (Doc. # 124).  For the following reasons, Plaintiff's Motion for Attorneys' Fees and Request for Leave to Supplement (Doc. # 97) and Plaintiff's Motion to Supplement his Fee Request (Doc. # 124) are GRANTED in part and DENIED in part.  Defendant's Motion to Strike certain Affidavits (Doc. # 118) and Motion to Strike Plaintiff's Reply Brief (Doc. # 105) are DENIED.

## I.  BACKGROUND

On February 9, 2006, Plaintiff James McGrath initiated this action against Defendant Central Masonry Corp., asserting a claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, for unpaid overtime, and a claim under the Colorado Wage Claim Act ("CWCA"), Colo. Rev. Stat. § 8-4-101 through 8-4-123, for an unpaid bonus in the amount of $1,620.  Eventually, on August 7, 2007, Judge Marcia S. Krieger[1] granted summary judgment in Defendant's favor on both of Plaintiff's claims.  (Doc. # 33).  On May 1, 2008, the Tenth Circuit reversed the grant of summary judgment on Plaintiff's unpaid overtime (FLSA) claim, but affirmed summary judgment on Plaintiff's unpaid bonus (CWCA) claim, agreeing that Plaintiff failed to show that the unpaid bonus constituted wages and compensation under the Colorado statute.  (Doc. # 46 at 2).

Ultimately, on April 6, 2009, Plaintiff's FLSA claim was tried by a jury.  The jury returned a verdict for Plaintiff, against Defendant, on his FLSA claim in the amount of $10,753.13.  In addition, on July 8, 2009, the Court awarded full liquidated damages, pursuant to 29 U.S.C. § 216(b), in the same amount, bringing Plaintiff's damages award to $21,506.26.  (Doc. # 91).

On July 20, 2009, Defendant filed a Motion for Judgment as a Matter of Law, seeking judgment in its favor on grounds that the evidence did not support the jury's finding that Defendant knew or should have known of Plaintiff's unreported overtime.

---

[1]   This case was reassigned to Judge Christine M. Arguello upon her appointment to the bench in October 2008.  (Doc. # 58).

(Doc. # 95 at 2).  The Court denied Defendant's Motion on September 29, 2009.  (Doc. # 108).  On October 28 and 30, Defendant filed Notices of Appeal of the Court's Order denying Defendant's Motion for Judgment as a Matter of Law.  (Doc. ## 112 and 113, respectively).  Defendant's appeal is still pending.

Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), Plaintiff is a prevailing party on his unpaid overtime claim.  Accordingly, Plaintiff is entitled to his reasonable attorneys' fees and costs of the action.[2]  On July 24, 2009, Plaintiff filed the instant Motion for Award of Attorneys' Fees and Request for Leave to Supplement.  (Doc. # 97).  On September 2, 2009, Defendant filed its Response.  (Doc. # 103).  Plaintiff filed his Reply on September 21, 2009.  (Doc. # 104).  As discussed below, Plaintiff's Motion is granted in part and denied in part.

On September 21, 2009, Defendant filed a Motion to Strike Plaintiff's Reply in Support of his Motion for Attorney's Fees, on grounds that the Reply was untimely filed.  (Doc. # 105).  Plaintiff filed his Response on September 23, 2009 (Doc. # 106), and Defendant filed its Reply on October 5, 2009 (Doc. # 109).  As discussed below, Defendant's Motion is denied.

On November 16, 2009, Defendant filed a Motion to Strike Affidavits Filed with Plaintiff's Reply Brief in Support of his Motion for Attorneys' Fees.  (Doc. # 118).  Plaintiff filed his Response on December 2, 2009 (Doc. # 120) and Defendant filed

---

[2]  Defendant has stipulated to costs of $2,727.38.

its Reply on December 10, 2009 (Doc. # 122).  As discussed below, Defendant's Motion

is denied.

Finally, Plaintiff filed a Motion to Supplement his Fee Request on December 17,

2009.  (Doc. # 124).  Plaintiff seeks to supplement for three reasons: (1) additional legal

services have been performed from July 23, 2009 (the day before Plaintiff filed his

Motion for Attorney's Fees) through December 15, 2009 (two days before Plaintiff filed

the Motion to Supplement), (2) Plaintiff is incurring additional legal fees in connection

with Defendant's appeal of this Court's denial of Defendant's Motion for Judgment as

a Matter of Law (Doc. ## 112 and 113), and (3) as of the filing of Plaintiff's Motion

to Supplement, his two expert witnesses had not yet submitted billing statements.

(Doc. # 24 at 1-2).  Defendant filed its Response on January 11, 2010 (Doc. # 125), and

Plaintiff filed his Reply on January 15, 2010 (Doc. # 126)[3].  Also, as set forth in the title

of Plaintiff's Reply, he requests oral argument on his pending Motion for Attorneys' fees,

but he does not further expound upon this request.  As discussed below, Plaintiff's

Motion to Supplement is granted in part and denied in part.

## II.  PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND REQUEST FOR LEAVE TO SUPPLEMENT (Doc. # 97) AND PLAINTIFF'S MOTION TO SUPPLEMENT HIS FEE REQUEST (Doc. # 124)

As the prevailing party on his FLSA claim for unpaid overtime, Plaintiff seeks an

award of attorneys' fees in the amount of $93,856 that he incurred through July 22,

---

[3]  Plaintiff re-filed his Reply on January 19, 2010 (Doc. # 128) to properly identify this
document as a Reply in Support of his Motion to Supplement his Fee Request.

2009, in connection with the prosecution of his successful FLSA claim (unpaid overtime) and unsuccessful CWCA claim (unpaid bonus).  (Doc. # 97, Part 2, Schaeffer Affid., ¶ 22).  Despite his success on only one claim, Plaintiff contends that a full fee award is appropriate where, as here, "the claims arose out of a common nucleus of operative facts".  (Doc. # 97, ¶ 6).  Plaintiff also contends that a full fee award is appropriate since he "achieved an exceptional result in this case" and prevailed on his primary claim.  (*Id.*, ¶¶ 11, 12).  Further, Plaintiff maintains that his attorneys' fees are reasonable.  (Doc. # 104, Exs. 1 and 2).  Additionally, Plaintiff requests permission to supplement his fee request for services performed subsequent to the date of this Motion, including services performed in connection with Defendant's Rule 50(b) Motion for Judgment as a Matter of Law, filed four days before the instant Motion.  (Doc. # 97, ¶¶ 9, 16).

In its opposition to Plaintiff's fee request, Defendant contends that Plaintiff's requested fee award should be reduced for the following reasons: (1) Plaintiff failed to prevail on his CWCA claim, which was unrelated to his FLSA claim; (2) the hours billed in connection with the successful FLSA claim are excessive due to a duplication of efforts by Plaintiff's attorneys and the outcome of the case;[4] and (3) Plaintiff's attorneys' hourly rates are unreasonable.[5]  (Doc. # 103 at 2-12).  Accordingly, Defendant contends

---

[4]   The jury awarded Plaintiff $10,753.13 in overtime pay.  (Doc. # 88, Part 4).  Plaintiff sought $25,668.25 in overtime pay.  (Doc. # 66 at 2).  Accordingly, Plaintiff's jury award was 42% of the amount he sought.

[5]   Defendant contends that the hourly rates of Plaintiff's principal attorneys, Messrs. Elwyn Schaefer ($320) and Scott F. Reese ($275) are unreasonable.  Defendant does not contest the hourly rate of associate Mr. Gary B. Witt ($240).

that Plaintiff's fee request should be reduced by 25-42%.[6]  (*Id.* at 12-13).  The parties

make similar arguments in support of, or in opposition to, Plaintiff's Motion to

Supplement his Fee Request.  (Doc. # 124).

## A.    LEGAL STANDARD

As the prevailing party on its FLSA claim, Plaintiff is entitled to reasonable

attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).  Determination of the amount

and reasonableness of the attorneys' fees is within the court's discretion.  *See Wright v.*

*U-Let-Us Skycap Servs., Inc.*, 648 F. Supp. 1216, 1218 (D. Colo. 1986).  When

evaluating such claims for attorneys' fees, the court must follow the three-step process

set forth in *Ramos v. Lamm*, 713 F.2d 546 (10th Cir. 1983), *overruled on other grounds*,

*Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 725 (1987).

*See Pearson v. Ross G. Stephenson Assocs., Inc.*, No. 91-2179, 1992 WL 223809, at

*2 (D. Kan. Aug. 18, 1992).

The first step in determining a fee award is to determine the number of hours

reasonably spent by counsel for the prevailing party.  *Malloy v. Monahan*, 73 F.3d 1012,

1017 (10th Cir. 1996); *Ramos*, 713 F.2d at 553.  Factors considered in a reasonable-

ness determination include (a) the hours that would be properly billed to one's client

in accordance with good "billing judgment", (b) time spent on specific tasks, and

(c) duplication of efforts.  *Malloy*, 73 F.3d at 1017-18; *Ramos*, 713 F.2d at 553-54.

---

[6]   Defendant's recommended 42% reduction is based on the jury award.  Defendant has failed to articulate the basis for the recommended 25% reduction.

In exercising good billing judgment, "counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary". *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The district court is obligated to exclude "hours not 'reasonably expended' from the calculation." *Malloy*, 73 F.3d at 1018.

Second, the court must determine a reasonable hourly rate of compensation, based on "what lawyers of comparable skill and experience [in the given practice area] would charge for their time." *Ramos*, 713 F.2d at 555. "The party seeking the award has the burden of persuading the court that the hours expended and the rate sought are both reasonable." *LaSelle v. Public Serv. Co. of Colorado Severance Pay Plan*, 988 F. Supp. 1348, 1351 (D. Colo. 1997); *Malloy*, 73 F.3d at 1018.

Third, courts will multiply the reasonable hourly rate with the number of hours reasonably expended to determine the "lodestar" amount. *LaSelle*, 988 F. Supp. at 1351; *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Courts may adjust upward or downward depending on different factors. *Ramos*, 713 F.2d at 556. Factors upon which courts may adjust a fee award include the extent to which the plaintiff prevailed on his claims. *Id.*; *Hensley*, 461 U.S. at 434.

**B.    REASONABLENESS OF HOURS EXPENDED**

"Counsel for the party claiming the fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested

and how those hours were allotted to specific tasks." *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1250 (10th Cir. 1998). "A district court is justified in reducing the reasonable number of hours if the attorney's time records are 'sloppy and imprecise' and fail to document adequately how he or she utilized large blocks of time." *Id.*

      1.   <u>Plaintiff's Attorneys Did Not Duplicate Efforts</u>.

"The Tenth Circuit has declined to require an automatic reduction in hours to adjust for multiple representation, but has advised the district courts to give particular attention to the possibility of duplication." *Degrado v. Jefferson Pilot Fin. Ins. Co.*, No. 02-cv-1533, 2009 WL 1973501, at *7 (D. Colo. July 6, 2009) (citing *New Mexico Citizens for Clean Air and Water v. Espanolo Mercantile Co.*, 72 F.3d 830, 835 (10th Cir. 1996); *Deboard v. Sunshine Mining and Refining Co.*, 208 F.3d 1228, 1244-45 (10th Cir. 2000); *Sinajini v. Bd. of Educ. of San Juan County Sch. Dist.*, 53 Fed. Appx. 31, 35 (10th Cir. 2002)).

Plaintiff maintains that the attorneys' contributions were not duplicative and the division of labor was properly defined among Plaintiff's three attorneys, Elwyn Schaefer, Scott Reese, and Gary Witt. (Doc. # 104 at 5). Upon review of the time records submitted by Plaintiffs' attorneys, the Court agrees that, for the most part, Plaintiff's attorneys did not duplicate efforts. However, in the Court's view, Plaintiff's attorneys did  not effectively utilize the manpower available to them. Plaintiff over-utilized a more senior, and more expensive, attorney such as Mr. Reese and underutilized a more junior, and less expensive, attorney such as Mr. Witt, for researching and writing.

Messrs. Schaefer and Reese were the principal attorneys in the prosecution of Plaintiff's case, and Mr. Witt provided limited research and drafting assistance. Mr. Schaefer performed more top-level tasks such as reviewing various pleadings and drafts, discussing matters with Mr. Reese, corresponding with the client, attending and reviewing depositions, and preparing for trial. (Doc. # 97, Part 3). Mr. Reese had primary responsibility for research and drafting pleadings and other documents. (Doc. # 97, Part 5). He also prepared for and took depositions and assisted with the trial, including examining witnesses. (*Id.*) Finally, Mr. Witt performed limited and discrete tasks such as preparing a jury instruction and conducting related legal research. (Doc. # 97, Part 7). Accordingly, there was no apparent duplication of efforts.

Defendant contends that Plaintiff's use of two principal attorneys was unreasonable, given the nature of the case. (Doc. # 103 at 5). Further, Defendant points to the fact that it only billed its client for one attorney to conduct the trial. (*Id.* at 6). Although the Court may look to the number of attorneys an adversary used, Defendant has cited to no case law in which the use of two attorneys at trial was deemed unreasonable. Further, the Court notes that the use of more than one attorney at trial is a common, and often prudent, practice. Accordingly, the Court does not find that Plaintiff's use of two attorneys to prosecute his claims at trial was unreasonable. However, the Court does find that Defendant should not have to pay for Plaintiff's heavy reliance on Mr. Reese for researching and writing purposes, given the involvement of Mr. Witt, a less expensive attorney, in the case. Accordingly, the Court will reduce

Mr. Reese's hourly rate to match that of Mr. Witt.  Mr. Reese's hourly rate of $275 shall be reduced to $240.  The Court also finds that Messrs. Schaefer and Reese's joint appearance at certain depositions was unreasonable given the nature of this case. Having reviewed and compared Messrs. Schaefer and Reese's time entries, the Court notes that Mr. Reese spent 6.55 hours of time at depositions at which Mr. Schaefer also appeared on October 18 and December 15, 2006.  (Doc. # 97, Part 3 at 1-2, Part 5 at 1-2).  Accordingly, a reduction of 6.55 hours from Mr. Reese's billing summary is appropriate.

Based on the foregoing, the Court concludes that Plaintiff's attorneys did not appear to duplicate each other's efforts and that the use of two attorneys at trial was not unreasonable.  However, the Court concludes that the division of labor among Plaintiff's attorneys was not the most cost-effective, and Defendant should not have to pay for Plaintiff's decision to have more expensive attorneys perform the bulk of the work.

2.   A Further Reduction In Hours Is Appropriate In Accordance With Good Billing Judgment.

While duplication of efforts is not apparent, the Court notes that a further reduction in hours billed is warranted, in accordance with good billing judgment.

Defendant contends that associate Mr. Gary Witt spent an excessive amount of time (2.2 hours) to draft a single jury instruction on compensatory time, which ultimately did not appear in the final set of jury instructions, and which instruction largely parroted the applicable statute.  (*See* Doc. # 103 at 11, Ex. 2; Doc. # 97, Part 7).  Defendant also contends that Mr. Witt spent an excessive amount of time (3.8 hours) researching law

10

and revising arguments in a brief, which arguments comprised only two paragraphs. (Doc. # 103 at 11; Doc. # 97, Part 7).  Finally, Defendant contends that Mr. Witt spent an excessive amount of time "review[ing] time lines for submitting bill of costs, attorneys' fees, with attention to question whether Rule 50(b) motion tolls deadlines".  (Doc. # 103 at 12; Doc. # 97, Part 7).

In response, Plaintiff provides vague assurances concerning the reasonableness of the time Mr. Witt expended; however, the Court remains unconvinced.  Having reviewed Mr. Witt's time entries, the Court concludes that a 4-hour reduction of time is appropriate.  Accordingly, Mr. Witt's total billed time of 15.7 hours[7], will be reduced to 11.7 hours.

Also, the Court finds that a further reduction in hours billed is appropriate in light of time billed by Mr. Reese for waiting for the jury verdict on April 3, 2009 (some part of 7.75 hours) and April 6, 2009 (3.5 hours).  (*See* Doc. # 97, Part 5 at 3).  The billing summaries do not indicate that Mr. Reese actually performed any billable work on this matter during that time.  Clearly, billing a client, much less an adversary, for unproductive time spent waiting is not good billing judgment.  Because the April 3, 2009 entry is combined with time spent at trial, the amount of time spent "waiting" is not readily apparent.  However, pursuant to the Court's records, the total in-court time on April 3, 2009, was four hours and six minutes.  (April 3, 2009 Courtroom Minutes, Doc.

---

[7]   The total billed time is listed as 14.5 hours, likely a mathematical error.  (*See* Doc. # 97, Part 7).

# 86 at 2).  Therefore, only 4.1 hours of time expended on April 3 may appropriately be

billed to Defendant, and 3.65 hours will be deducted from Mr. Reese's billing summary.

Similarly, pursuant to the Court's records, the Court was in session for only 11 minutes

on April 6, 2009.  (April 6, 2009 Courtroom Minutes, Doc. # 88 at 2).  Accordingly, only

that time may be billed to Defendant and another 3.3 hours will be deducted from

Mr. Reese's billing summary.

**C.**     **PLAINTIFF'S ATTORNEYS' BILLABLE RATES ARE REASONABLE.**

"The reasonable hourly rate is calculated by examining the prevailing market

rates of the relevant community."  *LaSelle*, 988 F. Supp. at 1351 (When setting a rate of

compensation for the hours reasonably expended, courts must "determine what lawyers

of comparable skill and experience practicing in the area in which the litigation occurs

would charge for their time . . . .  The hourly rate should be based on the lawyers' skill

and experience in [ ] analogous litigation."  *Ramos*, 713 F.2d at 555.  "The hourly rate at

which compensation is awarded should reflect rates in effect at the time the fee is being

established by the court, rather than those in effect at the time the services were

performed."  *Id.*

In support of its opposition, Defendant tendered a copy of the Colorado Bar

Association's 2008 Economic Survey of law firm billing rates (the "2008 Colorado

Survey"), in which the average hourly rate for an attorney with more than 25 years of

experience is $262 and the average hourly rate for an attorney in downtown Denver is

$268.  (Doc. # 103, Ex. 1 at 27, 28).  The Court notes that the 2008 Colorado Survey

also lists the mean hourly billing rate as $236 for plaintiffs' attorneys who primarily

practice employment law.  (*Id.* at 28).

Having reviewed the parties' arguments and the evidence presented, the Court

concludes that Plaintiff's attorneys' billable rates are reasonable[8] and finds the

Defendant's proffered 2008 Colorado Survey inapplicable to the Court's analysis.

Mr. Elwyn Schaefer, who has more than 30 years of experience in employment

law, charged an hourly rate of $320[9].  (Doc. # 97, Part 2, Schaefer Affid., ¶¶ 4, 17).

Mr. Scott Reese, who has 17 years of overall legal experience, 12 of which were

focused primarily on employment law, charged an hourly rate of $275.  (Doc. # 97,

Part 4, Reese Affid., ¶¶ 3, 6).  Without question, these hourly rates fall squarely within

the billable rates of other employment law practitioners who possess similar levels

of experience.  (*See* Doc. # 104, Ex. 2, Finger Affid., Attachment 1) (identifying

Mr. Schaeffer as the least expensive attorney among those surveyed with 30 or more

years of experience; indicating that Mr. Reese's $275 hourly rate is the third least

expensive among those surveyed with 10 to 20 years of experience).  Defendant's

reliance on the 2008 Colorado Survey is misplaced.  First, as previously noted, attorney

---

[8]   Because Defendant does not contest the reasonableness of associate Gary B. Witt's
hourly billing rate, the Court's analysis is limited to the billable rates of Messrs. Elwyn Schaefer
and Scott Reese.  However, even if Defendant had contested the reasonableness of Mr. Witt's
rates, the Court's conclusion would not differ.

[9]   Apparently, Mr. Schaefer's billable rate increased to $340 per hour in July 2009.
(*See* Doc. # 104, Ex. 2, Attachment 1).  However, in the instant Motion for Attorney's Fees
in connection with services rendered through July 22, 2009, Plaintiff seeks reimbursement
for Mr. Schaefer's fees at an hourly rate of $320. (*See* Doc. # 97, Part 2, Schaeffer Affid.,
¶¶ 17, 22).

fee awards should reflect the prevailing rates in effect at the time of the court's determination of the fee award, not at the time services are rendered. *Ramos*, 713 F.2d at 555. Accordingly, the 2008 Colorado Survey is somewhat outdated. Second, Defendant's presentation of only portions of the 2008 Colorado Survey is misleading, as those portions fail to provide average billing rates for employment law attorneys with comparable skills and experience as Plaintiff's attorneys. Therefore, for the foregoing reasons, the Court finds that the hourly rates of Plaintiff's attorneys are reasonable.

**D.   WHETHER PLAINTIFF'S DISMISSED AND PREVAILING CLAIMS ARISE FROM A COMMON CORE OF FACTS OR ARE BASED ON RELATED LEGAL THEORIES.**

"[I]f a plaintiff fails to prevail on claims 'unrelated' to those on which he or she succeeds, work on the unrelated successful claims cannot be compensated." *Ramos*, 713 F.2d at 556 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983)). In cases where the plaintiff's claims involve "a common core of facts or [are] based on related legal theories" and cannot be viewed as a series of discrete claims, the court "must focus on the significance of the overall relief obtained by the plaintiff." *Id.* "If the plaintiff has obtained 'excellent results,' the attorney's fees should encompass all hours reasonably expended; no reduction should be made because the plaintiff failed to prevail on every contention[.]" *Id.* "If a plaintiff has achieved 'only partial or limited success,' then even though the plaintiff's claims were 'interrelated, nonfrivolous, and raised in good faith,' an award determined by multiplying the hours reasonably expended on the whole litigation by a reasonable hourly rate may be excessive[.]" *Id.*

14

Plaintiff contends that, although his bonus claim was dismissed, he is entitled to all his attorneys' fees because his "claims arose out of a common nucleus of operative facts"; his claims were "based on related legal theories" as they both involved Defendant's payroll practices and its compliance with the wage and hour laws. (Doc. # 97, ¶¶ 6, 10; Doc. # 104 at 2).  Plaintiff also contends that the discovery in this case overlapped both claims and was principally directed at certain payroll policies that Defendant's president had enacted.  Plaintiff further contends that he is so entitled to the full recovery of his attorneys' fees because the jury "award of $21,506.26 in compensatory damages is far from nominal relief, and constitutes an exceptional result under the facts of this case."  (Doc. # 97, ¶ 11).

Defendant contends that Plaintiff's FLSA and CWCA claims do not arise from a common core of facts or related legal theories.  Defendant distinguishes the two claims by noting that the FLSA claim concerned factors such as Plaintiff's self-reported time sheets, whether Plaintiff was properly paid for his work, and whether Defendant knew or should have known of Plaintiff's alleged unreported overtime.  (Doc. # 103 at 2-3).  In contrast, the CWCA bonus claim concerned an unpaid voluntary gratuity.  (*Id.* at 3).

The Court agrees that Plaintiff's two claims do not arise from a common core of facts, are not based on related legal theories, and are discrete claims.  The two claims concerned different categories of compensation and different reasons why Defendant allegedly owed, and failed to pay, Plaintiff such compensation.  The FLSA claim concerned whether Plaintiff actually worked overtime, whether the amount of overtime

can be shown by justifiable and reasonable inference, and whether Defendant had actual or constructive knowledge of the overtime.  *See McMillin v. Foodbrands Supply Chain Services, Inc.*, 272 F. Supp.2d 1211, 1217 (D. Kan. 2003); 29 U.S.C. § 207(a)(1). In contrast, the CWCA claim concerned the existence of an alleged agreement between Plaintiff and Defendant for the payment of a bonus and, if an agreement existed, whether the bonus had vested prior to Plaintiff's resignation from Defendant's employ. *Fang v. Showa Entetsu Co.*, 91 P.3d 419, 422 (Colo. App. 2003); Colo. Rev. Stat. § 8-4-101.  In sum, the FLSA claim concerned unpaid wages or compensation due to him, as a result of the hours worked; the CWCA claim concerned an unpaid sum of money that Defendant allegedly promised Plaintiff.  The facts supporting Plaintiff's unsuccessful CWCA claim were not part of "one bundle of proof" with his successful FLSA claim. *See Tidwell v. Fort Howard Corp.*, 989 F.2d 406 (10th Cir. 1993).

The instant case is distinguishable from decisions in which courts determined that claims before them arose from a common core of facts or were based on related legal theories.  In *Robinson v. City of Edmond*, 160 F.3d 1275 (10th Cir. 1998), the court allowed an award of attorney's fees in connection with the plaintiffs' unsuccessful state constitutional claims because the plaintiffs' successful federal constitutional claims arose from the same challenged conduct, namely the incorporation of a Latin cross in the city's official seal.  Similarly, in *Tidwell*, 989 F.2d at 416, the court determined that the facts supporting the plaintiff's Equal Pay Act, Fair Labor Standards Act, and Title VII claims were part of "one bundle of proof" concerning the defendant's alleged sex-based

16

pay discrimination.  Finally, in *Starrett v. Wadley*, 876 F.2d 808, 824-25 (10th Cir. 1989), a case cited by Plaintiff, the plaintiff's Title VII and Section 1983 claims all arose from the defendants' sexual harassment and related retaliation of the plaintiff.

Because the Court finds that Plaintiff's CWCA and FLSA claims do not arise from a common core of facts, are not based on related legal theories, and are discrete claims, the Court concludes that a reduction in the requested attorney's fees award is appropriate.  However, Plaintiff's attorneys' invoice summaries do not delineate between the time expended on Plaintiff's FLSA claim versus the CWCA claim. Defendant contends that Plaintiff's attorneys' time entries should be cut by 50%, since the entries fail to differentiate between Plaintiff's two claims.  (Doc. # 103 at 4).  Plaintiff contends that such a reduction is inappropriate because the monetary value of damages sought for the CWCA violation ($1,620) comprised merely 5.9% of the total recovery sought.[10]  (Doc. # 104 at 3).  At most, Plaintiff recommends a 5-10% reduction on fees incurred up to and including May 1, 2008, the date on which the appellate court affirmed dismissal of the CWCA claim.  (Doc. # 104 at 4).  Based on the foregoing, the court concludes that a 15% reduction (damages sought for the CWCA violation ($1,620) divided by the jury's award ($10,753.13) = 15%) in the fee award for time expended up to and including May 1, 2008, is appropriate.

---

[10]   In connection with his FLSA claim, Plaintiff sought $25,668.25 in unpaid overtime.

**E.      A REDUCTION IN PLAINTIFF'S FEE AWARD PURSUANT TO HIS DEGREE OF SUCCESS ON HIS FLSA CLAIM IS INAPPROPRIATE.**

Defendant next contends that Plaintiff's fee award should be reduced by 42% in light of the fact that a jury awarded Plaintiff only 42% of the amount of unpaid overtime he sought in connection with his FLSA claim. (Doc. # 103 at 8-9).  In support of the 42% reduction, Defendant cites to only one case, which is outside the Tenth Circuit, *Hilton v. Executive Self Storage Assocs.*, No. H-06-2744, 2009 WL 1750121, at *14 (S.D. Tex. June 18, 2009).  In *Hilton*, the district court allocated a 67% reduction to the plaintiff's requested fee award, after a jury awarded the plaintiff $500, less than one percent of the plaintiff's sought recovery, $54,074.  (*Id.* at *13).  The *Hilton* decision cites to other circuits' reductions of fee awards in ranges of 50%-67% where the plaintiffs' jury awards were as little as four percent of the sought amount, results that are far less than excellent.  *See e.g.*, *Barfield v. New York City Health and Hospitals Corp.*, 537 F.3d 132, 151-52 (2d Cir. 2008); *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 558 (7th Cir. 1999); *Int'l Brotherhood of Carpenters and Joiners of America, AFL-CIO Local Union No. 217 v. G.E. Chen Construction, Inc.*, 136 Fed. Appx. 36, 39 (9th Cir. 2005). In comparison, in the instant case, Plaintiff's 42% recovery is significantly more than a minimal recovery and Defendant has presented no case law that suggests otherwise.

### III.   DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION FOR ATTORNEY'S FEES (Doc. # 09)

On September 21, 2009, Defendant filed the instant Motion to Strike on grounds that Plaintiff's Reply in Support of his Motion for Attorney's Fees was untimely.

Pursuant to the Local Rules that were in effect at the time Plaintiff's Reply was due,[11] a "moving party may file a reply within 14 days after the filing date of the response, or such lesser or greater time as the court may allow."  D.C.COLO.LCivR 7.1(C).  In the instant case, Defendant filed its Response to Plaintiff's Motion for Attorney's Fees on September 2, 2009.  Accordingly, Plaintiff's Reply was due on September 16, 2009.  However, Plaintiff did not file his Reply until September 21, 2009.

While the Court expects all parties to adhere to all Court deadlines, the Court notes that, at this post-trial stage in the proceedings, this appears to be a singular instance in which Plaintiff failed to adhere to the Court's deadlines.  Further, no prejudice appears to have resulted from Plaintiff's untimely Reply.  Accordingly, Defendant's Motion to Strike Plaintiff's Reply (Doc. # 105) is DENIED.

### IV.   DEFENDANT'S MOTION TO STRIKE THE AFFIDAVITS FILED WITH PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION FOR ATTORNEY'S FEES (Doc. # 118)

On November 16, 2009, Defendant filed the instant Motion to Strike a declaration and an affidavit Plaintiff had submitted with his Reply Brief in Support of his Motion for Attorney's Fees (Doc. # 104).

---

[11]   The Local Rules were updated and amended on December 1, 2009.

Defendant asks the Court to strike the Killmer Declaration and Finger Affidavit because "the Affidavits were not filed with Plaintiff's initial briefing for their Motion" and Defendant "had no opportunity to respond to those Affidavits." (Doc. #118 at 2). In support, Defendant cites to *White v. Graceland Coll. Ctr. For Prof'l Dev. & Lifelong Learning*, *Inc.*, No. 07-2319, 2008 WL 191422, at *3 (D. Kan. Jan. 22, 2008). However, *White* concerned the introduction of new arguments in reply briefs. Plaintiff's Reply brief and the supporting declaration and affidavit address the reasonableness of Plaintiff's attorneys' fees, which was first raised in Plaintiff's Motion for Attorney's fees and addressed in Defendant's Response brief. Defendant's claim of prejudice lacks merit. Defendant had a fair opportunity to submit expert affidavits in support of its opposition to Plaintiff's Motion for Attorney's Fees. Defendant could not have been blind-sided by Plaintiff's submission of additional evidence, given Defendant's objections to the reasonableness of the requested fees.

Finally, the Court disagrees with Defendant that Plaintiff had an obligation to submit evidence such as the Killmer Declaration and Finger Affidavit with his initial motion. In support, Defendant cites to *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996) and *Blum v. Stenson*, 465 U.S. 886, 895 (1984). However, those cases simply reiterate a movant's duty to support his fee request with satisfactory evidence in addition to the attorney's own affidavits and do not dictate that all evidence be submitted with the fee motion.

Moreover, in the instant case, Fed. R. Civ. P. 54(d)(2) and D.C.COLO.LCivR 54.3 govern motions for attorney's fees.  Fed. R. Civ. P. 54(d)(2) simply requires movants to:

- file the motion for attorney's fees no later than 14 days after the entry of judgment;

- specify the judgment and the statute, rule, or other grounds entitling the movant to the award;

- state the amount sought or provide a fair estimate; and

- disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

Local Rule 54.3 simply requires movants to support their motions for attorney fees with:

- one or more affidavits;

- a detailed description of the services rendered, the amount of time spent, the hourly rate, and the total amount claimed, for each person for whom fees are claimed; and

- a summary of each person's relevant qualifications and experience.

Upon review of the record, the Court finds that Plaintiff satisfied the above requirements.  Accordingly, for the foregoing reasons, Defendant's Motion to Strike the Killmer Declaration and Finger Affidavit (Doc. # 118) is DENIED.

### V.  PLAINTIFF'S MOTION TO SUPPLEMENT HIS FEE REQUEST (Doc. # 124)

Plaintiff filed the instant Motion to Supplement his Fee Request on December 17, 2009.  (Doc. # 124).  Plaintiff seeks recovery of additional attorneys' fees incurred for additional legal services rendered from July 23, 2009 through December 15, 2009 in

connection with the preparation and filing of pleadings in support of or in opposition to various post-judgment motions.  In particular, Plaintiff's attorneys prepared a Brief in Opposition to Defendant's Motion for Judgment as a Matter of Law (Doc. # 101), a Reply in Support of Plaintiff's Motion for Attorneys' Fees (Doc. # 104), a Response to a Motion to Strike (Doc. # 106), a Motion to Compel (Doc. # 107)[12], and a Reply to a Response to a Motion to Compel (Doc. # 111), among other tasks.  (Doc. # 124, ¶ 4).  The additional attorneys' fees total $20,896.25[13].  (*Id.*, Schaefer Affid., ¶ 6).  As previously noted, Plaintiff ultimately defeated the Defendant's Motion for Judgment as a Matter of Law.  (Doc. # 108).

Plaintiff also requests leave to file an additional supplement for legal services rendered in connection with Defendant's appeal of this Court's Order denying Defendant's Motion for Judgment as a Matter of Law and to include invoices from two expert witnesses who opined on the reasonableness of Plaintiff's attorneys' fees.  (Doc. # 124, ¶¶ 5, 6; Doc. # 128, ¶ 13).  Finally, as set forth in the title of the instant Motion, Plaintiff requests oral argument on his Motion to Supplement his Fee Request, but does not further expound on such request.

---

[12]   Plaintiff filed the Motion to Compel in an attempt to obtain Defendant's billing records in order to ascertain the reasonableness of his own attorneys' fees.  (*Id.*, ¶¶ 7-9).  Plaintiff ultimately withdrew his Motion to Compel three weeks after its filing, upon receipt of the requested billing records.  (Doc. # 111).

[13]   As set forth in supporting affidavits, Mr. Elwyn Schaeffer generated fees in the amount of $12,992 (40.6 hours x $320/hour).  Mr. Scott Reese generated $5,816.25 in fees (21.15 hours x $275/hour).  Mr. Gary Witt generated $2,088 in fees (8.7 hours x $240/hour).  (Doc. # 124, Parts 2-7).

Defendant objects to Plaintiff's Motion to Supplement for the same reasons set forth in its opposition to Plaintiff's Motion for Attorneys' Fees.  (Doc. # 125). For previously-stated reasons, the Court rejects Defendant's arguments.

Having reviewed the supporting affidavits from Plaintiff's attorneys, and for reasons discussed in connection with Plaintiff's Motion for Attorney Fees, the Court finds that Plaintiff's attorneys' hourly rates and expended time are reasonable, for the most part.  The proffered invoice summaries do not reflect a duplication of efforts among Plaintiff's attorneys.  Mr. Schaeffer, the most-senior level attorney on the team, performed mostly strategic and supervisory tasks and engaged in client communications.  (Doc. # 124, Part 3).  Mr. Reese, the second principal attorney, handled most of the research and drafting duties.  (*Id.*, Part 5).  Finally, Mr. Witt, the most junior attorney, handled discrete tasks in connection with Plaintiff's Motion to Compel and Defendant's Motion to Strike.  (*Id.*, Part 7).  However, for reasons discussed in connection with Plaintiff's original Motion for an Award of Attorneys' Fees (Doc. # 97), the Court will reduce Mr. Reese's hourly rate of $275 to match Mr. Witt's hourly rate of $240.

Based on the foregoing, Plaintiff is entitled to a supplemental award of attorneys' fees incurred in connection with post-judgment filings before this Court.  However, to the extent that Plaintiff seeks a supplemental award for fees incurred in connection with Defendant's appeal of this Court's Order denying its Motion for Judgment as a Matter of Law, Plaintiff's Motion is denied.  An award of fees incurred on appeal is more

appropriately within the appellate court's jurisdiction, regardless of the award of trial-related attorneys' fees by the district court.  *See Hoyt v. Robson Cos.*, 11 F.3d 983, 985 (10th Cir. 1993) (application for appeal-related attorneys' fees must first be made to the appellate court).  Accordingly, the court notes that, as reflected in Plaintiff's attorneys' supplemental invoice summaries, 2.2 hours of Mr. Schaeffer's time was devoted to appeal-related matters and 0.7 hours of Mr. Reese's time was appeal-related.  (Doc. # 124, Parts 3, 5).  Therefore, such time will be reduced by the corresponding amount.

Finally, Plaintiff's Motion is also denied to the extent it seeks a supplemental award for fees incurred in connection with two expert witnesses who opined on the reasonableness of Plaintiff's fee request.  As noted by the Tenth Circuit, absent an express statement in a fee-shifting statute, such as the Fair Labor Standards Act, expert witness fees cannot be awarded as part of an attorneys' fee award.  *See Gray v. Phillips Petroleum Co.*, 971 F.2d 591, 594-95 (10th Cir. 1992) (discussing fees expressly permitted under 29 U.S.C. § 216(b)).  Further, expert witness fees do not constitute "costs of the action," unless the expert was court-appointed.  28 U.S.C. § 1920(6).  In the instant case, the Court did not appoint Plaintiff's experts.  Therefore, Plaintiff may not be compensated for his expert witness fees, and Plaintiff has presented no authority to the contrary.

Finally, Plaintiff's request for oral argument in connection with the instant Motion is also denied, as the Court finds that Plaintiff's original and supplemental Motions for Attorneys' Fees are adequately briefed and oral argument would not materially assist

24

the Court in their resolution.  *See Michael A. Cramer, MAI, SRPA, Inc. v. United States*,

47 F.3d 379, 383 (10th Cir. 1995); *TMJ Implants, Inc. v. Aetna, Inc.*, No. 05-cv-783,

2006 WL 521808, at *1 (D. Colo. March 2, 2006); *see also* 10 MOORE'S FEDERAL

PRACTICE, § 54.157[3] at 54-257, 258 (Matthew Bender 3d ed. 2009).

## VI.   AWARD CALCULATION

### A.    PRE-MAY 2, 2008 AWARD CALCULATION

| Attorney | Time Billed | Less Reduction in Hours | Multiplied by Hourly Rate | Total |
|---|---|---|---|---|
| Elwyn Schaefer | 38.9 | 0 | 320 | $12,448 |
| Scott Reese | 88.55 | 6.55 | 240 | $19,680 |
| Gary Witt | 0 | 0 | 240 | $0 |
| | | | | $32,128 |
| | | | less 15% | -$4,819.20 |
| | | | | **$27,308.80** |

### B.    POST-MAY 2, 2008 AWARD CALCULATION

| Attorney | Time Billed | Less Reduction in Hours | Multiplied by Hourly Rate | Total |
|---|---|---|---|---|
| Elwyn Schaefer | 112 | 0 | 320 | $35,840 |
| Scott Reese | 63.45 | 6.95 | 240 | $13,560 |
| Gary Witt | 15.7 | 4.0 | 240 | $2,808 |
| | | | | **$52,208** |

## C.    SUPPLEMENTAL FEE AWARD CALCULATION

| Attorney | Time Billed | Less Reduction in Hours | Multiplied by Hourly Rate | Total |
|---|---|---|---|---|
| Elwyn Schaefer | 40.6 | 2.2 | 320 | $12,288 |
| Scott Reese | 21.15 | 0.7 | 240 | $4,908 |
| Gary Witt | 8.7 | 0 | 240 | $2,088 |
| | | | | **$19,284** |

Based on the above calculation tables, Plaintiff's allowed fee award is $98,800.80

($27,308.80 + $52,208 + $19,284).[14]

## VII.  CONCLUSION

Accordingly, based on the foregoing, it is ORDERED THAT Plaintiff's Motion

for Award of Attorneys' Fees and Request for Leave to Supplement (Doc. # 97) is

GRANTED, with the above-explained reductions to Plaintiff's fee request.

---

[14]    The Court recognizes that this fee award is more than nine times greater than the jury award.  However, the Court notes that it "must exercise its discretion in awarding equitable remedies in light of the objectives of the statute being enforced."  *Blim v. Western Elec. Co.*, 731 F.2d 1473, 1478 (10th Cir. 1984) (citing *Hecht Co. v. Bowles*, 321 U.S. 321, 331 (1944)).  In the instant case, FLSA's main purpose is to achieve certain minimum labor standards.  As the Supreme Court noted, "Congress did not seek to secure compliance with prescribed standards through continuing detailed federal supervision or inspection of payrolls.  Rather it chose to rely on information and complaints received from employees seeking to vindicate rights claimed to have been denied."  *Mitchell v. Robert DeMario Jewelry, Inc.*, 361 U.S. 288, 292 (1960).  In the instant case, the fee award may appear disproportionate.  However, considering the hard-fought litigation, including appeal and full trial, the requested fees are not unreasonable.  *See, e.g.*, *Drez v. E.R. Squibb & Sons, Inc.*, 674 F. Supp. 1432, 1439-1440 (D. Kan. 1987) (finding that plaintiff's recovery of fees and costs, despite failure to recover economic damages at trial, will serve the given statute's [ADEA] purposes of protecting plaintiffs and warning/deterring potential defendants).

IT IS FURTHER ORDERED THAT Plaintiff's Motion to Supplement his Fee Request (Doc. # 124) is GRANTED IN PART and DENIED IN PART.  Plaintiff's Motion to Supplement his original fee request (Doc. # 97) for fees incurred from additional legal services rendered from July 23, 2009 through December 15, 2009 is granted and the supplemental documents are accepted.  To the extent that Plaintiff's motion seeks to supplement his original fee request to include appeal-related fees or fees for services rendered by two expert witnesses, the motion is denied.  Further, Plaintiff's request for oral argument on his Motion is denied.

IT IS FURTHER ORDERED THAT Plaintiff shall be awarded fees in the amount of **$98,800.80** in connection with his original and supplemental Motions for Award of Attorneys' Fees (Doc. ## 97, 124).

IT IS FURTHER ORDERED THAT Defendant's Motion to Strike Plaintiff's Reply in Support of his Motion for Attorney's Fees (Doc. # 109) is DENIED.

IT IS FURTHER ORDERED THAT Defendant's Motion to Strike (Doc. # 122) certain affidavits that Plaintiff attached to his Reply in Support of his Motion for Attorney's Fees is DENIED.

DATED:  February   26  , 2010

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge